## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **MARTHA SOSA, YOLANDA MARTINEZ, GRICELDA CARDOSO, and VICTORIA CASTILLO MEJIA** (hereinafter referred to as "Plaintiffs") and **FLUFF N FOLD LAUNDROMAT LLC, ELAINE MENEXAS and STEVEN MENEXAS, as individuals** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **20-CV-3053** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law (the "Complaint").

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.    Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.    Defendants shall cause Plaintiffs to be paid the gross sum of Fifty Thousand Dollars ($50,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. **On or before September 1, 2021,** Defendants shall provide payment of Ten Thousand Dollars ($10,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. **On or before October 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

1

iii. **On or before November 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. **On or before December 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. **On or before January 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. **On or before February 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b.  In the event that the Court does not approve this Agreement and Settlement prior to any of the payment due dates identified in Paragraph 1(a)(i)-(vi), Defendants shall issue payment timely and as contemplated in the payment schedule attached hereto as Exhibit A, to be held in escrow by their attorneys, Hamra Law Group, P.C. until such time as the Court approves the same. Upon approval of this Agreement and Settlement, should any payments be held in escrow by Defendants' counsel, the same shall be paid to Plaintiffs within 7 days of such approval. Defendants' counsel will promptly inform Plaintiffs' counsel of any payments held in escrow and offer sufficient proof of the same upon the request of Plaintiffs' counsel. Failure by Defendants to provide Plaintiffs with all outstanding payments within 7 days of Court approval of the settlement shall constitute a default of Defendants' payment obligations under this Agreement.

c.  At the time of execution of this Agreement, Plaintiffs' counsel shall provide Defendants' counsel with completed IRS Forms W-9 for each Plaintiff and Plaintiffs' counsel, and the parties acknowledge and agree that each individual payment listed in Exhibit A shall not be made unless and until Plaintiffs' counsel has provided Defendants' counsel with a completed IRS Form W-9 for that individual payment listed in Exhibit A However, in the event that one or more Plaintiffs do not provide their completed IRS Form W-9(s) at the time of execution, it shall not delay the other payments due in accordance with this Agreement. For any Plaintiff who provides a completed IRS Form W-9 subsequent to any payment due date, all outstanding payments due shall be released to her within 7 days of providing a completed IRS Form W-9.

d.  Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments. Plaintiffs acknowledge they have received no representations from Defendants' Counsel regarding taxation or tax advice and agree to

**2**

indemnify Defendants from any and all tax related liabilities from the settlement payments. All taxes are the sole responsibility of the individual receiving the payment.

e. All Settlement Funds will be provided to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

## 2. **Stipulation of Dismissal**

Plaintiffs shall file a Stipulation and Order of Dismissal With Prejudice ("Stipulation of Dismissal") upon receipt of the first payment of $10,000.00 as specified in Paragraph 1(a)(i). Upon execution of this Agreement, the Parties agree to execute a Stipulation and Order of Dismissal With Prejudice to be held in escrow by Plaintiffs' attorneys to be filed in accordance with this paragraph of the Agreement. Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement and until full payment has been made by Defendants.

## 3. **Confessions of Judgment**

a. Upon signing of this settlement agreement, Defendants shall execute and provide original signed versions of the Confessions of Judgment in the amount of Three Hundred Thousand Dollars ($300,000.00) (attached hereto as Exhibit B), less any amounts previously paid pursuant to this Agreement, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to be delivered to Defendants by electronic mail to their counsel to the attention Kevin S. Johnson, Esq., email address: kjohnson@hamralawgroup.com, of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs' counsel shall return the Confessions of Judgment to Defendants' counsel or confirm that the Confessions of Judgment have been destroyed.

### 4. Settlement of Claims

Except as otherwise stated, upon execution of this Agreement, all claims brought or that could have been brought under the Complaint (**Docket No.: 20-CV-3053**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

### 5. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 6. Release

In consideration of the payments to be provided by Defendants as described in this Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, and its current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act and/or the New York Labor Law, (c) arising under any actual or alleged express or implied contract, or under any common law in regard to work hours, overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiffs ever had or now have against the Defendants.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs and Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs and Defendants acknowledge that they negotiated the consideration contemplated in this Agreement, though competent counsel, at two mediation sessions, which ultimately lead to this Agreement. Plaintiffs and Defendants further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 9. Jurisdiction

The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retain jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 12. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**PLAINTIFFS:**

*Martha Sosa Hdez*
MARTHA SOSA
Date: 8/17/2021

*[signature]*
YOLANDA MARTINEZ
Date: 8/17/2021

*Gricela C.*
GRICELA CARDOSO
Date: 8-17-2021

*[signature]*
VICTORIA CASTILLO MEJIA
Date: 8-17-2021

**DEFENDANTS:**

FLUFF N FOLD LAUNDROMAT LLC

_____
_____, Agent Authorized to sign on behalf of FLUFF N FOLD LAUNDROMAT LLC

Date:_____


_____
ELAINE MENEXAS, as an individual

Date:_____

6

PLAINTIFFS:

_____
MARTHA SOSA

Date:_____

_____
YOLANDA MARTINEZ

Date:_____

_____
GRICELA CARDOSO

Date:_____

_____
VICTORIA CASTILLO MEJIA

Date:_____

DEFENDANTS:

FLUFF N FOLD LAUNDROMAT LLC

*/s/ E Menexas*
_____, Agent Authorized to sign on behalf of FLUFF N FOLD LAUNDROMAT LLC

Date: 8/13/21

*/s/ E Menexas*
_____
ELAINE MENEXAS, as an individual

Date: 8/13/21

6

_____
STEVEN MENEXAS, as an individual

Date: 8/13/21

7

# EXHIBIT A

| EXHIBIT A: SETTLEMENT ALLOCATIONS | | |
|---|---|---|
| Settlement amount: $50,000.00 | | |
| Expenses: $1,202.00 | | |
| Remainder: $48,798.00 | | |
| | | |
| Attorneys Fees: $48,798.00 / 3 = $16,266.00 | | |
| Total paid to Attorneys: $16,266.00 + $1,202.00 = **$17,468.00** | | |
| | | |
| Total payable to Plaintiff Martha Estela Sosa | | $9,250.00 |
| Total payable to Plaintiff Yolanda Martinez | | $8,250.00 |
| Total payable to Plaintiff Gricelda Cardoso | | $6,500.00 |
| Total payable to Plaintiff Victoria Castillo Mejia | | $8,532.00 |
| | | $32,532.00 |
| | | |
| **First Installment of $10,000.00 (Paragraph 1(a)(i):** | | |
| Martha Estela Sosa | $ | 1,850.00 |
| Yolanda Martinez | $ | 1,650.00 |
| Gricelda Cardoso | $ | 1,300.00 |
| Victoria Castillo Mejia | $ | 1,706.40 |
| Helen F. Dalton & Associates, P.C. | $ | 3,493.60 |
| | $ | 10,000.00 |
| | | |
| **Each of 5 Installments of $8,000.00 (Paragraphs 1(a)(ii)-(vi):** | | |
| Martha Estela Sosa | $ | 1,480.00 |
| Yolanda Martinez | $ | 1,320.00 |
| Gricelda Cardoso | $ | 1,040.00 |
| Victoria Castillo Mejia | $ | 1,365.12 |
| Helen F. Dalton & Associates, P.C. | $ | 2,794.88 |
| | $ | 8,000.00 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTHA SOSA, individually and on behalf of all others similarly situated,

                          Plaintiff,

    -against-

FLUFF N FOLD LAUNDROMAT LLC, ELAINE MENEXAS and STEVEN MENEXAS, as individuals,
                         Defendants.
-----------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

20-CV-3053

I, STEVEN MENEXAS, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, FLUFF N FOLD LAUNDROMAT LLC, in the above action.

2. My full legal name is _Steve Menexas_ and my primary residence is located at _301 Vanderbilt Pkwy, Dix Hills, NY 11746_
    (Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of Three Hundred Thousand Dollars ($300,000.00) in this matter, less any amounts previously paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-3053 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against STEVEN MENEXAS.

4. I, as an authorized agent of FLUFF N FOLD LAUNDROMAT LLC, hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of Three Hundred Thousand Dollars ($300,000.00) in this matter, less any amounts previously paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-3053 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against FLUFF N FOLD LAUNDROMAT LLC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

    a. Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging, *inter alia*, that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiffs worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of Fifty Thousand Dollars ($50,000.00) pursuant to the following payment schedule, outlined in the Settlement Agreement, as filed with the Court in the above-captioned action:

        i. **On or before September 1, 2021,** Defendants shall provide payment of Ten Thousand Dollars ($10,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

        ii. **On or before October 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

        iii. **On or before November 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

        iv. **On or before December 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

        v. **On or before January 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

        vi. **On or before February 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b.  In the event that the Court does not approve this Agreement prior to the any of the payment dates identified in Paragraph 1(a)(i)-(vi), all outstanding payments shall be made within 7 days of Court approval of this Agreement. For example, if the Agreement is approved by the Court on October 15, 2021, the payments pursuant to Paragraph 1(a)(i) and (ii) would be due on or before October 22, 2021 and all of the subsequent payments identified in Paragraphs 1(a)(iii)-(vi) would be due on the dates listed above.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to be delivered to Defendants by electronic mail to their counsel to the attention **Kevin S. Johnson, Esq.,** email address: **kjohnson@hamralawgroup.com**. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
STEVEN MENEXAS, as an individual

Date: 8-19-2021

Sworn to before me this
19th day of August, 2021

_____
Notary Public

CARLA J BRODSKY
Notary Public - State of New York
NO. 01BR6332853
Qualified in Suffolk County
My Commission Expires Nov 9, 2023

_____
STEVEN MENEXAS, as an agent authorized to execute on behalf of FLUFF N FOLD LAUNDROMAT LLC

Date: 8-19-2021

Sworn to before me this
19th day of August, 2021

_____ 11/09/23
Notary Public

CARLA J BRODSKY
Notary Public - State of New York
NO. 01BR6332853
Qualified in Suffolk County
My Commission Expires Nov 9, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTHA SOSA, individually and on behalf of all others similarly situated,

                              Plaintiff,

     -against-

FLUFF N FOLD LAUNDROMAT LLC, ELAINE MENEXAS and STEVEN MENEXAS, as individuals,
                            Defendants.
----------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

20-CV-3053

I, ELAINE MENEXAS, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, FLUFF N FOLD LAUNDROMAT LLC, in the above action.

2. My full legal name is _Elaine Menexas_ and my primary residence is located at _301 Vanderbilt Pkwy, Dix Hills, NY 11746_
(Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of Three Hundred Thousand Dollars ($300,000.00) in this matter, less any amounts previously paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-3053 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against ELAINE MENEXAS.

4. I, as an authorized agent of FLUFF N FOLD LAUNDROMAT LLC, hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of Three Hundred Thousand Dollars ($300,000.00) in this matter, less any amounts previously paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-3053 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against FLUFF N FOLD LAUNDROMAT LLC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

a. Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging, *inter alia*, that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiffs worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of Fifty Thousand Dollars ($50,000.00) pursuant to the following payment schedule, outlined in the Settlement Agreement, as filed with the Court in the above-captioned action:

   i. **On or before September 1, 2021,** Defendants shall provide payment of Ten Thousand Dollars ($10,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   ii. **On or before October 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   iii. **On or before November 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   iv. **On or before December 1, 2021,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   v. **On or before January 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   vi. **On or before February 1, 2022,** Defendants shall provide payment of Eight Thousand Dollars ($8,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b.  In the event that the Court does not approve this Agreement prior to the any of the payment dates identified in Paragraph 1(a)(i)-(vi), all outstanding payments shall be made within 7 days of Court approval of this Agreement. For example, if the Agreement is approved by the Court on October 15, 2021, the payments pursuant to Paragraph 1(a)(i) and (ii) would be due on or before October 22, 2021 and all of the subsequent payments identified in Paragraphs 1(a)(iii)-(vi) would be due on the dates listed above.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to be delivered to Defendants by electronic mail to their counsel to the attention **Kevin S. Johnson, Esq.,** email address: **kjohnson@hamralawgroup.com**. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_[signature]_
ELAINE MENEXAS, as an individual

Date: 8-19-2021

Sworn to before me this
19th day of August 2021

_[signature]_ 11/01/23
Notary Public

CARLA J BRODSKY
Notary Public - State of New York
NO. 01BR6332853
Qualified in Suffolk County
My Commission Expires Nov 9, 2023

_[signature: Elaine Menexas]_

ELAINE MENEXAS, as an agent authorized to execute on behalf of FLUFF N FOLD LAUNDROMAT LLC

Date: 8-19-2021

Sworn to before me this
19th day of August, 2021

_[signature]_ 11/01/23
Notary Public

```
CARLA J BRODSKY
Notary Public - State of New York
NO. 01BR6332853
Qualified in Suffolk County
My Commission Expires Nov 9, 2023
```